TAX LEASE UNDERWRITERS, INC., et al., Plaintiffs,

v.

BLACKWALL GREEN, LTD., et al., Defendants.

No. 83–2448C(1).

United States District Court, E.D. Missouri, E.D.

Aug. 15, 1985.

Veryl L. Riddle, J. Thomas Archer, Gerard T. Carmody, St. Louis, Mo., for plaintiffs.

William G. Olhausen, Jeffrey B. Hunt, Frank N. Gundlach, St. Louis, Mo., for defendants.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that defendant John R.D. Green's motion to quash service of process be and is denied. On November 28, 1984, this Court entered an order authorizing Walter Michael James Partridge, a Solicitor in the United Kingdom, to serve defendant John R.D. Green at 4 Botolph Alley, London, England EC3R 8DR. On or about December 5, 1984, Solicitor Partridge served defendant Green by hand-delivering a summons and complaint to defendant Green at the offices of plaintiffs' attorneys, Bryan, Cave, McPheeters & McRoberts, 50/51 Russell Square, London, England. Defendant Green moved to quash service of process on the ground that it was not made in compliance with the Hague Convention or this Court's November 28, 1984 Order.

In the opinion of this Court, the service of process on defendant Green, a United Kingdom resident, was made pursuant to and in compliance with the Hague Convention. The Hague Convention is a treaty between several signatory countries, including the United States and the United Kingdom, concerning the method of serving judicial documents, including process, in foreign countries. Article 2 of the Hague Convention provides for the designation of a "central authority" of each foreign state through which service of process may be routed. However, Article 10 of the Hague Convention provides for alternative methods of service, as follows:

Provided the state of destination does not object, the present convention shall not interfere with—

(a) The freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) The freedom of judicial officers, officials or other competent persons of the state of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the state of destination,

(c) The freedom of any person interested in the judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the state of destination.

Article 21 of the Hague Convention permits signatory nations to ratify subject to conditions or objections and the United Kingdom has objected to paragraphs (b) and (c) of Article 10 as follows:

With reference to the provisions of paragraphs (b) and (c) of Article 10 of the convention, *documents for service through official channels* will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, counselor or diplomatic officers of other contracting states.

Hague Convention, *Reservations & Declarations* (emphasis added).

Defendant argues that the service of process in this case was not made in compliance with the Hague Convention, because it was not routed through the official authorities designated by the United Kingdom. This argument must be rejected, because the summons and complaint served on defendant Green did not constitute "documents for service through official channels", as that phrase was used in the United Kingdom's objections to paragraphs (b) and (c) of Article 10. The "service through official channels" declaration does not preclude direct service through an English Solicitor. The "service through official channels" declaration was intended to apply to documents from an embassy or consular official. Because the service on defendant Green complied with paragraphs (b) and (c) of Article 10 of the Hague Convention, said

defendant's first ground in support of its motion to quash must be rejected.

Defendant Green's second ground, that service of process was invalid because it was not made at the particular address specified in this Court's November 28, 1984 Order, is also without merit. Defendant Green was personally served by the specifically-appointed process server at the office of said process server. The deviation from this Court's Order regarding the place where service of process was to take place is not material and does not justify quashing service of process. Thus, defendant Green's second ground must also be rejected. Accordingly, defendant Green's motion to quash service of process is denied.